IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INGAR NYBAKKEN<br>20379 Ashcroft Terrace<br>Sterling, VA 20165<br><br>     Plaintiff,<br><br>v.<br><br>TAYLOR COMPANIES, INC.<br>1667 K Street NW, Suite 200<br>Washington, DC 20006<br><br>RALPH C. TAYLOR, II<br>a/k/a RALPH C. TAYLOR<br>4 Inlet Hook Road<br>Wilmington, NC 28411<br><br>     Defendants. | Civil Action No. _____ |

## COMPLAINT

1.     Plaintiff worked for Taylor Companies, Inc., a local investment bank. Over the course of 2015 and 2016, Defendants failed to pay Plaintiff approximately $32,178.50 in wages — a fact Defendants have acknowledged in writing on several occasions.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay wages pursuant to the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant Taylor Companies, Inc. resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.      Plaintiff Ingar Nybakken is an adult resident of Virginia.

6.      Defendant Taylor Companies, Inc. is a North Carolina corporate entity. Its principal place of business is located at 1667 K Street NW, Suite 200, Washington, DC 20006. Its registered agent for service of process is C T Corporation Systems, 1015 15th Street NW, Suite 1000, Washington, DC 20005.

7.      Defendant Ralph C. Taylor, II is an adult resident of North Carolina. He resides at: 4 Inlet Hook Road, Wilmington, NC 28411. He is the founder, owner and CEO of Defendant Taylor Companies, Inc. He exercises near-exclusive control over the operations of Taylor Companies, Inc. — including its pay practices.

## Factual Allegations

8.      Plaintiff worked at Taylor Companies, Inc. from approximately January 2013 through approximately January 29, 2018.

9.      Plaintiff worked for Defendants in the District of Columbia at their Farragut Square office as a "competitive intelligence analyst."

10.     Defendants did not pay Plaintiff all of his wages in 2015 and 2016. Defendants owe Plaintiff approximately $27,578.50 for his work in 2015, and approximately $4,600.00 for his work in 2016.

11.     Defendants owe Plaintiff approximately $32,178.50 in wages (excluding liquidated damages).

12. On a number of occasions, Defendants have acknowledged their debt to Plaintiff in writing.

13. For example, on August 28, 2017, Defendant Ralph C. Taylor II wrote an "Offer Letter" to Plaintiff, in which Mr. Taylor includes the following paragraph:

> **12. PRIOR DEBT.** As of the date of this agreement $32,178.50 (2015 amount of $27,578.50 & 2016 amount of $4,600) plus interest is owed to you. This amount is owed regardless of termination and will be paid in full from the Honeywell Success Fee if it is more that $3M. If less than $3M then half will be paid and the balance paid on the next success fee.

14. Defendants never paid plaintiff in accordance with the above Offer Letter.

15. At all relevant times, Defendants had the power to hire and fire Plaintiff.

16. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

17. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

18. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

19. In particular, Defendant Ralph C. Taylor II — and he alone — had the power to determine whether and when Plaintiff would be paid. This exclusive authority is evidenced by a number of communications between Defendants and Plaintiff:

   a. On March 5, 2018, Carlos Lane, Executive Director and General Counsel of The Taylor Companies, told Plaintiff via text: "…Ralph and company are in the process of signing a couple of new clients. When they do, you will be paid something. Once Ralph knows the size of the retainers in a signed contract he can decide how many thousand he is going to pay you…"

   b. On April 6, 2018, Carlos Lane told Plaintiff via email: "…I spoke to Ralph last night.  He asked that I communicate to you that you will be paid the amount you are owed on the next success fee. At this time I do not have any additional information as it relates to the timing of the next success fee…"

      c.      On April 12, 2018, Defendant Ralph C. Taylor II told Plaintiff via email: "…I did not tell you we would pay you a % of our retainers or a % of anything. I said when we close a deal we will pay you in full. I did mean that. I told you that if we had a surplus from retainers I would pay you something. Right now we do not have a surplus. I can't pay you if I can't pay you..."

20.    Defendant Ralph C. Taylor II personally made the decision not to pay Plaintiff the wages he is owed by Defendant Taylor Companies, Inc.

21.    At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
## FAILURE TO PAY WAGES UNDER THE DCWPCL

22.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

23.    Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

24.    The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

25.    The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

26.    For purposes of the DCWPCL, "wages" include, among other things, a "bonus… commission…[or]…remuneration promised or owed: (i) pursuant to a contract for employment…[or]…[p]ursuant to a contract between an employer and another person or entity…"D.C Code § 32-1301(3).

27. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due.

28. Defendants' violations of the DCWPCL were willful.

29. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See* D.C. Code §§ 32-1303(4) and 32-1308, *see also Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117 at 123 (D.D.C. 2016) (emphasis in original) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$133,566.00**, and grant the following relief:

   a. Award Plaintiff $128,714.00, consisting of unpaid regular wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

   b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

   c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000) (**$636.00/hour for undersigned counsel**), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,452.00);

6

    d.    Award Plaintiff court costs (currently, $400.00); and

    e.    Award any additional relief the Court deems just.

Date: April 18, 2018　　　　　　　　　　　　Respectfully submitted,

<u>/s/ Justin Zelikovitz</u>
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*